UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EVAN PEREZ                              :
                                        :
        v.                              :       C.A. No. 15-306ML
                                        :
CORRECTIONAL OFFICER                    :
GASS, et al.                            :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommended disposition (28 U.S.C. § 636(b)(1)(B), LR Cv 72(a)) is Defendants' Motion to Dismiss the Complaint filed by Plaintiff Evan Perez pursuant to Fed. R. Civ. P. 12(b)(6). (Document No. 41). Plaintiff filed an Objection to the Motion. (Document No. 44).

**Background**

Plaintiff is an inmate at the Adult Correctional Institution ("ACI") in Cranston, Rhode Island. His pro se Complaint, filed on July 22, 2015, alleged violations of 42 U.S.C. §1983. In brief, Plaintiff claims that a "Code" was called at the Maximum Security yard of the ACI because he was in a fight with another inmate.[1] (Document No. 1-1 at p. 1). He alleges that when he was approached by the Correctional Officers responding to the Code, he and the other inmate stopped fighting and got on the ground. Id. Despite the fact that he was not resisting, Plaintiff claims he was sprayed twice with "riot use" mace at close range, causing pain. Id.

---

[1] This other inmate also brought a claim under § 1983 based on this incident. See Thomas v. C.O. Gass, C.A. No. 15-308ML.

Plaintiff's Complaint was screened, pursuant to 28 U.S.C. § 1915(e)(2), which applies the Fed. R. Civ. P. 12(b)(6) standard of review, and the District Court concluded that his Complaint stated a plausible claim for relief and allowed the Complaint to proceed. (Document No. 6).

After discovery, Plaintiff filed his Motion for Summary Judgment, which the Court denied on September 27, 2016, concluding that there was a genuine issue of fact for trial. (Document No. 27). On February 17, 2017, Plaintiff filed a Motion for Telephone Conference along with a Motion for Final Pre-Trial Conference and a Pretrial Memorandum. (Document Nos. 37, 38, 39). Defendants responded by filing a Motion for Leave to File the instant Motion to Dismiss (Document No. 40) which the Court granted by Text Order on February 24, 2017. The substance of Defendants' Motion is twofold: First, that Director Wall is not subject to liability because there are no direct allegations against him, and a claim under 42 U.S.C. § 1983 cannot be made for vicarious or supervisory liability. Second, Defendants claim that the Complaint fails to comply with Rule 8, Fed. R. Civ. P, because it does not give adequate notice to Defendants as to "Plaintiff's claims against them and they are unable to intelligibly prepare for trial." (Document No. 41 at p. 4). Defendants assert that it is "impossible to tell what if any allegations there are against these Defendants." Id.

**Analysis**

**I.      Claims against Director Wall**

Defendants accurately note that there is no respondeat superior liability under 42 U.S.C. § 1983. "[A] defendant supervisor cannot be held liable for the constitutional violations of a subordinate merely by virtue of the defendant's status as supervisor." Feliciano v. DuBois, 846 F. Supp. 1033, 1045 (D. Mass. 1994) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). The

supervisor "must be shown to have been in some manner personally involved in the alleged deprivation of rights." Id. "It must be shown that the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989).

Here, Plaintiff does not allege any direct involvement by Director Wall in his constitutional claims. At the Rule 16 Conference held on November 30, 2015, Plaintiff conceded that his claims against Director Wall stem from the fact that he is "in charge" of what his subordinates do. Plaintiff's allegations of supervisory liability are conclusory and not supported by any well-pleaded factual allegations. Accordingly, I recommend that Defendants' Motion to Dismiss Director Wall from this case be GRANTED.

## II. Claims against Defendants Gass and Carchamo

Defendants also assert that the Complaint fails to set forth any viable claims against Defendants Gass and Carchamo because it is "impossible to tell what if any allegations there are against these Defendants." (Document No. 41 at p. 4). I disagree. Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the plaintiff's claim(s) showing that he properly states a claim for legal relief; and (3) a demand for judgment, i.e., the damages or other relief sought by the plaintiff. One of the primary purposes of Rule 8(a) is to give the defendant(s) and the Court fair notice of the claim being made by a plaintiff.

Here, Plaintiff brought his Complaint against two identified correctional officers that he claims assaulted him on May 1, 2015. At the Rule 16 Conference, Counsel for Defendants conceded that because a "Code" was called, and force was used, there is a videotape and file regarding the

incident at issue in the Complaint. Plaintiff's Complaint therefore identifies the alleged actions taken, the date, and the officers allegedly involved. Moreover, Defendants previously investigated the incident, and have preserved videotape and a file. This is a straight-forward claim arising out of a single incident. Defendants are fully aware of Plaintiff's claims and had the benefit of a lengthy fact discovery period to obtain any necessary clarification. Further, the Court previously screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and found it to state a claim.[2] Accordingly, I recommend Defendants' Motion to Dismiss this case as to Officers Gass and Carchamo be DENIED.

**Conclusion**

In summary, I recommend that the Court DENY Defendants' Motion to Dismiss as to Correctional Officers Gass and Carchamo and GRANT the Motion to Dismiss as to Warden A.T. Wall.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 19, 2017

---

[2] This case is nearly two years old. If Defendants had any genuine issue as to notice of Plaintiff's claims, they should have sought relief from the Court at the initial stages of the case.